**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BLANCHE A. BROWN,                               :
                                                :          CIVIL ACTION
               v.                               :
                                                :          NO. 15-1593
JENNA MERCADANTE, *et al.*,                     :

**MEMORANDUM**

**SURRICK, J.**                                                  **SEPTEMBER 20, 2023**

Presently before the Court is a case that was dismissed with prejudice and closed for

nearly two years.  Nevertheless, Plaintiff Blanche Brown has continued to file meritless motions

and abuse the judicial process, as she has done during the eight-year history of this case.  On July

27, 2023, we entered an Order for Plaintiff to show cause why a prefiling injunction should not

be entered in this matter as a result of her course of conduct.  She filed a response on August 10,

2023.  For the following reasons, we find the response unconvincing and the prefiling injunction

will be entered.

**I.      BACKGROUND**

Since this matter was filed in 2015, Plaintiff Blanche A. Brown, proceeding *pro se*, has

advocated for herself regarding alleged abuse and trauma that she suffered at the hands of the

Coatesville Veterans Affairs Medical Center (CVAMC).  On April 12, 2015, Plaintiff filed her

Complaint against six doctors ("Individual Defendants") who were employed at CVAMC.

Thereafter, on October 5, 2015, Plaintiff filed a second Complaint against the United States.

(See Compl., ECF No. 3; Compl., Civ. No. 15-55178, ECF No. 6.)  The allegations against all

Defendants were similar and stemmed from the treatment Plaintiff received as a patient at

CVAMC.  As a result, the matters were consolidated.

The Individual Defendants and the United States both filed motions to dismiss, which were granted.  Plaintiff appealed the Court's decision to the Third Circuit.  The Third Circuit affirmed the Court's dismissal of the Individual Defendants, finding that Plaintiff's medical negligence claim was barred by the statute of limitations, and that Plaintiff failed to state a claim for malicious prosecution, abuse of process, and discrimination in federal programs and public accommodations.  USCA Opinion 4-6 Civ. No. 16-2604.  The Third Circuit vacated the Court's dismissal of Plaintiff's medical negligence claim and ordered Plaintiff to amend her pleading to more clearly identify the specific clams she was attempting to raise.  *See Brown v. Mercadante,* 687 F. App'x 220, 223–24 (3d Cir. 2017).

On August 30, 2018, Plaintiff filed her Amended Complaint (ECF No. 48) and, shortly thereafter, the Government filed another Motion to Dismiss.  (ECF No. 50.)  Plaintiff's claims in the Amended Complaint for invasion of privacy, breach of doctor patient confidentiality, negligent infliction of emotional distress, and intentional infliction of emotional distress were dismissed.  Her claims for corporate negligence, gross negligence, medical negligence, medical malpractice, negligence, and negligence per se survived dismissal.  (*See* ECF No. 55.) Following the Court's ruling on the motion to dismiss Plaintiff's Amended Complaint, rather than litigate her remaining claims, Plaintiff filed many frivolous motions and objections attempting to get the Court to reconsider or vacate its previous orders, as well as meritless motions for judgment on the pleadings.  (*See* ECF Nos. 57, 62, 63, 69, 71.)  These filings spanned the course of over one year, during which Plaintiff never attempted to litigate her remaining claims.  The Court interpreted her failure to litigate her remaining claims as an abandonment of her claims and dismissed this matter with prejudice under Rule 41.1(a).  (*See* ECF No. 72.)  After the Court dismissed this matter, Plaintiff continued to file meritless motions

to alter the judgment and reconsider prior orders over the span of nearly a year and a half.  These were also denied.  (*See* ECF Nos. 73, 75, 76, 78, 79-80, 82.)[1]

Finally, following another denial of meritless motions which attempted to relitigate matters that had been long decided by the Court, we entered an order on July 27, 2023, ordering Plaintiff to show cause as to why her pattern of conduct did not justify a prefiling injunction directing the Clerk of Court not to accept any of Plaintiff's further filings in this matter without prior approval of this Court.  (ECF No. 89.)  On August 10, 2023, Plaintiff filed a response (ECF No. 90), and we now analyze whether a prefiling injunction is appropriate in this case.

## II.    LEGAL STANDARD

Under the All Writs Act, 28 U.S.C. § 1651, a district court can enjoin a litigant from future filings "to preclude abusive, groundless and vexatious litigation."  *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982); *see also Matter of Packer Ave. Assocs.*, 884 F.2d 745, 747-48 (3d Cir. 1989); *Chipps v. U.S.D.C. for the M.D. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).  Though prefiling injunctions "should be narrowly tailored and sparingly used," they are an appropriate remedy for "a litigant who has repeatedly filed complaints alleging claims that have already been fully litigated."  *Matter of Packer Ave. Assocs.*, 884 F.2d at 746.  *Pro se* litigants are no exception.  *In re Oliver*, 682 F.2d at 445-46 (finding that the record appeared to justify a prefiling injunction against a pro se plaintiff, provided that the plaintiff had the opportunity to oppose the injunction before it was entered); *see also Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013) ("[A] District Court may enjoin a pro se litigant from future filings so long as the injunction complies

_____

[1] During this time, this matter was reassigned from Judge Tucker—who was assigned this matter originally—to Judge Surrick on August 4, 2022.  (*See* ECF No. 81.)  At that point, the case had already been dismissed with prejudice and Judge Tucker had denied numerous motions to alter prior judgments and reconsider prior orders.

with three requirements . . . ”); *Danihel v. Off. of the President*, No. 14-6880, 2015 WL 1954269, at *1 (E.D. Pa. Apr. 29, 2015), *aff'd sub nom. Danihel v. Off. of President*, 640 F. App'x 185 (3d Cir. 2016) (enjoining a pro se plaintiff from “commencing any new civil matters against the named Defendants that relates to the subject matter of this action”); *Jaye v. Shipp*, No. 17-5257, 2018 WL 2278100, at *1 (D.N.J. May 18, 2018) (entering a pre-filing injunction against a pro se litigant to prevent “abuse of the system and futile expense, as Defendants are forced to repeatedly defend against ultimately frivolous lawsuits”).

A prefiling injunction must meet three requirements:  “(1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case.”  *Grossberger*, 535 F. App'x at 86 (citing *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)).

## III.   DISCUSSION

All three requirements are satisfied here.  Plaintiff has continually abused the judicial process in this matter.  As detailed above, rather than proceed to discovery and litigate her remaining claims, Plaintiff has spent nearly the entire eight-year history of this case attempting to revive claims that were already dismissed from her initial Complaint, and then from her Amended Complaint.  Plaintiff, over and over again, submitted the same or substantially similar motions to reconsider, motions to vacate or alter judgments, and motions for judgment on the pleadings with nearly the same arguments.  (*See* Plaintiff's First Motion for Reconsideration, ECF No. 57; First Motion for Judgment on the Pleadings, ECF No. 63; First Motion for Reconsideration re Orders on Motion to Strike, Motion for Judgment on the Pleadings, Motion for Reconsideration, ECF No. 69; First Motion to Alter Judgment, ECF No. 73; First Motion for

Reconsideration re Order on Motion to Alter Judgment, ECF No. 75; Motion to Vacate Order, ECF No. 79-80; and First Motion to Later Judgment, ECF No. 82.)  Each of these motions was denied for the same reasons.  (*See* Order Denying Motions, ECF No. 89, at 2.)

Prefiling injunctions that prohibit a plaintiff from relitigating claims are justified by "[t]he interests of repose, finality of judgments, protection of defendants from unwarranted harassment, and concern for maintaining order in the court's dockets."  *In re Oliver*, 682 F.2d at 445.  Plaintiff's conduct in this case implicates each of these justifications.  Furthermore, no one "is entitled to abuse the judicial process."  *In re Oliver*, 682 F.2d at 446 (quoting *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975)).  *See also In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.  A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.").  Considering the fact that this matter has already been *dismissed with prejudice* and, nevertheless, Plaintiff has continued to file these same motions years later, dismissal is clearly not enough.

Moreover, Plaintiff's attempt to argue against her abuse of the judicial process is unconvincing.  Much of Plaintiff's filing is difficult to decipher, but the central arguments— many of which simply reiterate arguments she has made in previous filings—generally relate to two main categories:  (1) mistakes regarding previously-decided motions and (2) Judge Tucker's purported bias and "sabotaging" of this case.  We begin by addressing Plaintiff's arguments regarding her prior motions, ECF Nos. 78, 79, 80, 82, 85, and 87.  First, Plaintiff asserts that there has been a filing mistake causing confusion, regarding ECF Nos. 78, 79, and 80.  Specifically, she asserts that these documents are duplicates of the same motion and, nevertheless, that the Court should not have decided it, as she claims it was "directed to" Judge

Tucker, rather than to Judge Surrick.  Initially, we acknowledge that ECF Nos. 78-80 may be repeats of the same motion but fail to understand how this is relevant to whether Plaintiff has abused the litigation process.  Even accepting these three filings as one—it is still one of many other similar motions that Plaintiff has filed over the course of several years attempting to relitigate previously decided issues.  Moreover, even though that motion may have been filed while Judge Tucker was still assigned to this matter, this is irrelevant.  The motion was pending when this matter was reassigned, due to Judge Tucker's retirement, and it was this Court's duty to decide the pending motion.  We further note that this argument also fails to shed light on the issue at hand.

Plaintiff also attempts to reargue the merits of her prior Motions, which the Court has already decided:  to alter the judgment (ECF No. 82), to re-open her case (ECF No. 85), and for a scheduling order (ECF No. 87).  This is not a motion for reconsideration and, thus, not an appropriate forum to reargue previously decided motions.  In fact, Plaintiff's attempts to make the same arguments that she has made over and over again further demonstrates her continued abuse of the litigation process in this case.

As for Plaintiff's allegations regarding Judge Tucker, Plaintiff asserts in her response, as she has many times before, that Judge Tucker was biased, intentionally stalled and sabotaged Plaintiff's case, and improperly closed this case.  Plaintiff also alleges that her case was reassigned from Judge Tucker to Judge Surrick because Judge Tucker was disqualified due to her bias.  (Pl. Response to Order to Show Cause, ECF No. 90, at 1 n.3.)  This is simply untrue.  Throughout the course of this case, Plaintiff has continually made meritless and unfounded allegations of Judge Tucker's bias.  These allegations were explicitly rejected by the Third Circuit.  *Brown,* 687 F. App'x at 224 ("Although Brown appears to allege that the presiding

District Judge has been biased against her, we see no evidence of bias, and we see no need to have this matter reassigned to another district judge on remand.").  Again, we reiterate, there has been no finding of bias on the part of Judge Tucker in this matter, and the only reason this matter was reassigned was her retirement.  This argument by Plaintiff also fails to demonstrate why a prefiling injunction should not be issued in this matter.  On the contrary, the fact that Plaintiff persists in making wholly unsupported accusations against Judge Tucker further demonstrates the propriety of a prefiling injunction.

In sum, Plaintiff has not presented any relevant arguments as to why her continued abuse of the judicial process in this case does not warrant a prefiling injunction.  Rather, Plaintiff's latest attempt to reargue issues and motions already decided many times before demonstrates that she has continually—and is still—abusing the judicial process in this matter.

The other two requirements are also met here.  The Court put Plaintiff on notice of the potential injunction in its July 27, 2023 Order, which gave Plaintiff the opportunity to show cause as to why the injunction should not be entered.  (*See* Order to Show Cause, ECF No. 89.)  Finally, the injunction is narrowly tailored to fit the specific circumstances of this case.  The prefiling injunction directs the Clerk of Court to reject any filings in this case by Plaintiff *without prior approval* of the Court.  This injunction is not overbroad—it *only* applies to the instant matter which has already been dismissed *with prejudice*, and it allows submissions with potential merit to be filed and decided if the Court first reviews and approves of the filing.  Therefore, this prefiling inunction meets all three requirements.

**IV.   CONCLUSION**

For the foregoing reasons, the Court will enter a Pre-Filing Injunction in this matter as to Plaintiff Blanche Brown.  An appropriate Order follows.

**BY THE COURT:**

*/s/ R.  Barclay Surrick*
**R. BARCLAY SURRICK, J.**